IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JONATHON ROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-4211-CV-C-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for supplemental security income benefits. The Commissioner's decision is affirmed.

### I. BACKGROUND

Plaintiff was born in April 1990 and completed high school and approximately two years of college. The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform work at all exertional levels except that he is limited to monocular vision. In addition, Plaintiff is able to remember, understand and perform simple and complex instructions but can sustain concentration and persistence on only simple and moderately complex tasks. Plaintiff was also found to be "limited to working in situations requiring no contact with the general public, and occasional interaction with coworkers and supervisors." R. at 15. Based on the testimony of a vocational expert, the ALJ determined Plaintiff could not perform his past relevant work but could work as a housekeeper, kitchen helper, or cleaner. R. at 19-20.

## II. DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

Plaintiff contends the ALJ erred in (1) failing to properly weigh the medical opinions regarding Plaintiff's mental/psychological limitations and (2) failing to properly assess his credibility. The Court disagrees on both points.

### A. Medical Opinions

Plaintiff contends the ALJ should have afforded more weight to the consulting opinions of psychologists Dale Halfaker and Seth Allen. Dr. Halfaker saw Plaintiff in June 2010 on a consulting basis and administered numerous tests. In his report, Dr. Halfaker wrote that while Plaintiff's attention difficulties would make a course of general education difficult, Plaintiff "has the requisite underlying retained academic achievement skills to likely support a functional, practical vocational training program of six to twelve months duration." Dr. Halfaker also suggested that Plaintiff be medically evaluated "to determine if there is medication that may of assistance to him in better managing, directing, and sustaining his attention." Finally, Dr. Halfaker's narrative indicates that "vocational guidance counseling is recommended to assist [Plaintiff] in being able to make an appropriate vocational decision about either appropriate training or

2

placement." R. at 434. He indicated Plaintiff's GAF was 46. R. at 435. In February 2012, Dr. Halfaker completed a Medical Source Statement – Mental ("MSS"). He had not seen Plaintiff since June 2010, so the MSS was based on that single visit. The MSS indicates Plaintiff is not significantly limited in the majority of categories, and that Plaintiff is moderately limited with respect to his ability to: carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, work in coordination or proximity with others, complete a normal workday and workweek, interact with the public, accept instructions and criticism, and get along with coworkers. R. at 441.

Dr. Allen saw Plaintiff on a consulting basis in August 2011. He also administered a series of tests and reached conclusions similar to those reached by Dr. Halfaker: Plaintiff has difficulties maintaining concentration and attention, which hampers his ability to process complex instructions. However, his ability to maintain concentration and attention improves if he is interested in the matter at hand. Dr. Allen echoed the suggestion that Plaintiff seek medical consultation to determine if there are any medications that would improve his abilities in these areas. Dr. Allen assessed Plaintiff's GAF score at 45. R. at 374-75.

Plaintiff also underwent a consultative examination performed by a third psychologist, Dr. David Lutz. This examination was performed in October 2010. Dr. Lutz assessed Plaintiff's GAF at 60 and opined that Plaintiff was "able to understand and remember simple and complex instructions. He seemed able to sustain concentration and persistence on simple and moderately complex tasks and possibly complex tasks. He seemed able to interact in limited to probably moderately demanding social situations. He seemed able to adapt to his environment." R. at 308.

The ALJ assigned "limited weight" to Dr. Halfaker's opinion because it was inconsistent with the medical evidence and the claimant's daily activities, and gave only "some weight" to Dr. Allen's opinion because it relied heavily on Dr. Halfaker's opinion. In particular, the ALJ noted Plaintiff's testimony (and other evidence) establishing that Plaintiff was able to attend and graduate from high school, perform some jobs without difficulty (in that he left or lost those jobs for reasons unrelated to his alleged disability), volunteered at the animal shelter, wrote an online newspaper, and was able to

3

concentrate on movies, television programs, and video games. While these activities might not constitute substantial gainful activity, Plaintiff's ability to engage in these activities was deemed inconsistent with Dr. Allen's and Dr. Halfaker's opinions and more supportive of Dr. Lutz's.

Plaintiff's position -- that the ALJ erred in finding Dr. Lutz's opinion more persuasive than the other consultants' opinions really – consists of arguments that are reserved for the factfinder (the ALJ) to consider. Plaintiff does not offer any legal infirmity in the ALJ's reasoning, nor does she explain why the ALJ's determination was not supported by substantial evidence in the Record as a whole. At best, Plaintiff has presented a competing view of the evidence, but this does not mean the ALJ's view was incorrect. E.g., McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

The Court also notes that there is not a significant difference between Dr. Lutz's opinions and those rendered by the other consultants. For that matter, there is not a significant difference between the RFC found by the ALJ and the opinions of Doctors Allen and Halfaker. In particular, Dr. Halfaker's MSS is rather benign and does not suggest Plaintiff is incapable of working, and it is largely consistent with the ALJ's findings. The most significant difference is in the GAF scores, but GAF scores are not binding evidence demonstrating that a person is disabled. E.g., Howard v. Commissioner of Social Security, 276 F.3d 235, 241 (8th Cir. 2002). Moreover, Plaintiff does not have a history of low GAF scores, and the GAF ascribed by Dr. Halfaker is undercut by his MSS.

### B. Plaintiff's Credibility

Plaintiff contends the ALJ did not perform a proper credibility evaluation and further claims the ALJ did not even cite to Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted) or the factors recited therein. The latter charge is easily refuted by the Record. R. at 16. The Record also reveals substantial evidence to support the ALJ's determination that Plaintiff's testimony – that, essentially, he was unable to leave his mother's basement and would be unable to focus sufficiently to work if he did – was not fully credible. Some of the competing facts were recited above:

4

Plaintiff was able to attend and graduate from high school, perform some jobs without difficulty (in that he left or lost those jobs for reasons unrelated to his alleged disability), volunteered at the animal shelter, wrote an online newspaper, and was able to concentrate on movies, television programs, and video games. In addition, Plaintiff received vocational services, and to do so he had to demonstrate certain minimum capabilities that undermined Plaintiff's claims. R. at 18. The Court has reviewed Plaintiff's testimony, and finds ample support for the ALJ's intimation that Plaintiff was overstating his limitations. E.g., R. at 34-35 (worked part-time at a pet clinic; lost job for reasons unrelated to disability); R. at 36-37, 59 (worked at Pizza Hut but quit after he was inexplicably dropped from the schedule); R. at 49 (anger issues only arise every couple of months); R. at 51-53 (claims to have panic attacks, but cannot say how often they occur; last one occurred "a couple of months ago" but cannot recall circumstances); R. at 54-57 (avoids people by sleeping during day and spending time watching television and movies or playing online video games on the computer).

"The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Vossen v. Astrue, 612 F.3d 1011, 1017 (8th Cir. 2010) (quotation omitted). The ALJ's cited the controlling law and his factual finding is supported by substantial evidence in the Record as a whole.

### III. CONCLUSION

The Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED.

                                                       /s/ Ortrie D. Smith
                                                       ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 8, 2014                              UNITED STATES DISTRICT COURT